THE NAVAJO NATION

ex rel. RON FAICH

Petitioner

vs.

MERWIN LYNCH, DISTRICT JUDGE OF

THE NAVAJO NATION

Respondent


Decided on November 8, 1977


Michael V. Stuhff, Navajo Tribal Legal Department, Window Rock,
 Arizona, for the Petitioner

Donald Benally, Shiprock, New Mexico, for the Respondent

Before KIRK, Chief Justice, BLUEHOUSE and WALTERS, Associate Justices


KIRK, Chief Justice


This case comes to this Court on a petition for a writ of mandamus requiring the Honorable Merwin Lynch to disqualify himself from the case of Frank Yazzie et al. v. Ron Faich and to vacate his orders in that case.

On October 11, 1977, Frank Yazzie, Woody Yazzie, Franklin Wauneka, Annie Wauneka, Alfred Roanhorse and John Hale filed a request for a temporary restraining order and permanent injunction

against Ron Faich in the Window Rock District Court. The complaint asked for a permanent injunction preventing the defendant, his agents, employees or servants from conveying reapportionment maps drawn by the defendant to the Census Bureau in Washington, D.C.

The plaintiffs alleged that the boundary lines of the Klagetoh, Wide Ruins, Ganado and Greasewood Chapter were drawn incorrectly and that there existed no proper authority for the defendant to determine the chapter boundary lines.

On October 11, 1977, the Court modified the temporary restraining order to exclude any maps not involving the Klagetoh, Wide Ruins, Ganado or Greasewood chapters.

Later the same day, Judge Lynch issued another order vacating his modification.

A hearing was held on October 26, 1977, on the permanent injunction.

On October 28, 1977, the Court issued an order enjoining the defendant and his agents from conveying any map of Navajo chapter boundaries and enumeration districts to the Census Bureau in Washington, D.C. The Court further ordered that the matter of chapter boundaries be remanded to chapter officials for proper delineation of the boundaries of the four aforementioned chapters.

The Court impounded all maps prepared by the defendant and ordered him to submit a report on the proposed boundaries to the Court within sixty days.

On October 31, 1977, the Petitioner filed an application for a writ of mandamus, alleging that Judge Lynch was unable to act with impartiality as he and his close relatives have grazing permits in the disputed areas.

After listening to counsel at the hearing on November 8, 1977, and after examining the testimony of the witnesses presented, we conclude that the Honorable Merwin Lynch gave adequate notice to both parties of his possible conflict arising from the interest in land in the disputed areas.

Because both parties were notified by the Judge in a timely fashion of the potential conflict of interest and because neither party moved to disqualify the Judge, we conclude that as a matter of law the Petitioner is not entitled to a writ of mandamus compelling the Judge to disqualify himself.

However, to avoid the appearance of impropriety and to minimize the controversy surrounding the case of Frank Yazzie et al. v. Ron Faich, Judge Lynch is hereby ordered to remove himself from the case and Judge Charley of the Shiprock District Court is appointed to preside over the case in the Window Rock District.

As the Petitioner requested that the orders issued by Judge Lynch be vacated, this Court has found it necessary to examine those orders.

We find no fault with the orders issued despite the alleged personal interest of the presiding Judge.

However, an examination of the issues being raised leads us to conclude that there is a strong likelihood of multiple, redundant litigation concerning the maps. Therefore, the presidents of all chapters of the Navajo Nation are hereby requested to meet with their chapter constituents and establish the traditional chapter boundaries and certify and submit such suggested boundary lines to the Window Rock District Court within 45 days of the date of this opinion.

The Window Rock District Court shall hold public hearings on the question of chapter boundaries within 55 days of the date of this opinion and shall submit its findings in a written opinion within 60 days of the date of this opinion.

The District Court's opinion shall be certified to the Court of Appeals the same day it is issued. If any chapter so requests within 5 days, the Court of Appeals shall hold a hearing within 10 days of the date the District Court's opinion is certified.

Dr. Ron Faich and his staff are ordered to assist the chapters and the Window Rock District Court with the preparation of

chapter boundaries.

The maps currently in the custody of the Window Rock District Court shall remain in the Court's custody.

A copy of this opinion shall be sent by the Clerk of the Court of Appeals to each chapter president.

Remanded for proceedings not inconsistent with this opinion.

BLUEHOUSE, Associate Justice, concurs.

WALTERS, Associate Justice, dissenting in part

I concur with the decision reached by this Court today except that I would not remove Judge Lynch from the case. Since all parties knew of Judge Lynch's potential conflict of interest and no objection was raised, I do not believe that the objection is now timely.

In my opinion, removing Judge Lynch from the case now allows counsel to raise an objection after he has lost the case on the merits.